IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CAROLYNE LOHR,

Plaintiff,

v.

COLORADO LAKE COOPERATIVE, INC., COOPERATIVE MANAGEMENT, INC., TAMIE KAUFMAN, DEBRA CARROLL, CYNTHIA FASHBAUGH, CHARLES M. GREEFF, and JANE/JOHN DOES (1-10),

Defendants.

Case No. 6:26-cv-00456-AP

**ORDER**

POTTER, United States Magistrate Judge:

Plaintiff Carolyne Lohr alleges that Defendants discriminated against her on the basis of her disability. Compl., ECF No. 1. She brings federal claims under the Fair Housing Act, 42 U.S.C. §§ 3604 and 3617. *Id.* She also bring Oregon state law claims under ORS 659A.145, ORS 659A.406, ORS 124.100, and ORS 124.110. *Id.* Plaintiff proceeds *in forma pauperis*. *See* Pl.'s Appl., ECF No. 2. This Court has discretion in deciding whether to grant IFP. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims the litigant seeks to pursue are not frivolous. 28 U.S.C. §§ 1915(a)(1), 1915(e)(2)(B)(i); *O'Loughlin*, 920 F.2d at 617. The Court has previously granted Plaintiff's Application for Leave to Proceed IFP. *See* April 15, 2026 Order, ECF No. 25. However, Plaintiff's claims are dismissed without prejudice for failure to state a claim.

## BACKGROUND

In October 2025, Plaintiff purchased a manufactured home located at Colorado Lake Cooperative. Compl. ¶¶ 14, 16. The home was purchased "as is" and Defendants noted that the home "is likely best demolished and replaced." Compl. ¶ 14. In November 2025, Plaintiff signed a "Storage Agreement" with Defendants. Compl. ¶ 17. Plaintiff "undertook substantial rehabilitation" of the house, in hopes that when repairs were completed, Defendants would offer them a lease. Compl. ¶¶ 21, 23. However, Defendants continued to find the home uninhabitable and denied Plaintiff's request to move in immediately. Compl. ¶¶ 27, 28.

## STANDARDS

Complaints filed by self-represented parties are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a plaintiff still must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Unless it is "absolutely clear" that the complaint's defects cannot be cured by amendment, a self-represented litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## DISCUSSION

The Fair Housing Act prohibits discrimination in the sale or rental of housing to any buyer or renter because of a disability. 42 U.S.C. § 3604(f). This "impos[es] an "affirmative duty" on landlords and public agencies to reasonably accommodate the needs of disabled individuals." *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004).

Plaintiff alleges that, "by refusing to make her Home available as a dwelling," Defendants "impos[ed] different conditions than non-disabled residents, and otherwise ma[de] housing unavailable because of disability." Compl. ¶ 35. To establish a prima facie case of disparate treatment under the Fair Housing Act, Plaintiff must show that (1) she is a member of a protected class; (2) Defendants discriminated against her, i.e., treated her differently than other similarly-situated individuals; and (3) the discrimination was because of her protected status. *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999); *Gamble v. City of Escondido*, 104 F.3d 300, 305 (9th Cir. 1997).

Here, Plaintiff has sufficiently alleged that she is a member of a protected class. *See* Compl. ¶ 6. However, Plaintiff fails to identify any *similarly-situated* individual who has been treated more favorably. Plaintiff alleges that "other CLC residents perform their own repairs without licensed contractors." Compl. ¶ 33. But CLC residents are not similarly-situated because they are residents. Plaintiff is not, and has never been, a resident of CLC. Plaintiff does not allege that any other individual, resident or otherwise, purchased an uninhabitable home, renovated it without the assistance of licensed and bonded contractors, and was subsequently offered a lease by Defendants. Further, Plaintiff's complaint fails to demonstrate that the alleged discrimination was due to her disability rather than the fact that the home was "simply not habitable." Compl. ¶ 28.

Plaintiff also alleges that Defendants denied her accommodation request. Compl. ¶ 36. To bring a claim for failure to accommodate, Plaintiff must show that (1) she has a disability as defined by the FHA; (2) Defendants "knew or reasonably should have known of" her disability; (3) accommodation of the disability "'may be necessary' to afford [Plaintiff] an equal

opportunity to use and enjoy [her] dwelling;" and (4) Defendants "refused to make such accommodation." *Id.* at 1262.

Again, Plaintiff has sufficiently pled that she has a disability. At the pleading stage, Plaintiff has also sufficiently shown that Defendants knew of her disability. *See* Compl. ¶ 27. But the Court fails to see how asking to move in immediately to an uninhabitable home is a reasonable accommodation connected to her disability. *See also* Judge Kasubhai's March 12, 2026 Order, ECF No. 10 ("there are no allegations that plausibly suggest any Defendant discriminated against Plaintiff 'because of' her handicap, nor that she was denied an accommodation 'necessary to afford [her] equal opportunity to use and enjoy [her] dwelling.'").

Finally, Plaintiff alleges that Defendants retaliated against her. Compl. ¶ 37. The FHA "prohibits the 'coerc[ion], intimidat[ion], threaten[ing], or interfere[nce] with any person in the exercise or enjoyment of' rights protected by other provisions of the FHA." *Morris v. W. Hayden Ests. First Addition Homeowners Ass'n, Inc.*, 104 F.4th 1128, 1142 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 1127 (2025) (quoting 42 U.S.C. § 3617).

Plaintiff alleges that shortly after she submitted a reasonable accommodation request, Defendants sent a 30-day termination notice of the storage agreement. Compl. ¶¶ 27-29. Plaintiff argues that this "timing is powerful evidence of retaliation." Compl. ¶ 29. The 30-day termination notice lists a number of violations of the storage agreement. *See* Compl. Ex. B, ECF No. 1. Although Plaintiff disagrees with the necessity of the terms of the storage agreement, Plaintiff does not dispute the violations. *See generally* Compl. Plaintiff has not plausibly alleged that the termination notice was in any way connected to her exercise of her FHA rights.

Plaintiff's remaining claims are brought under Oregon state law. Compl. ¶¶38-46. Because Plaintiff's federal claims are dismissed, the state law claims are also dismissed for lack

of jurisdiction.[1] 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

**CONCLUSION**

Plaintiff's claims are DISMISSED. Within thirty (30) days from the date of this Order, Plaintiff may submit an Amended Complaint curing the deficiencies noted above. Plaintiff is advised that the failure to do so may result in the dismissal of this proceeding, with prejudice. IT IS SO ORDERED.

DATED this 6th day of July, 2026.

/s/Amy E. Potter
AMY E. POTTER
United States Magistrate Judge

[1] Courts may decline to exercise supplemental jurisdiction when "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).